IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TANYA THOMPSON,

    Plaintiff,

v.

EPISCOPAL COMMUNITY SERVICES OF SAN FRANCISCO INC.,

    Defendant.

No. C 05-05277 JSW

**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

    Now before the Court is plaintiff's request, filed March 3, 2006, for appointment of counsel and to continue the case management conference currently set on this Court's calendar for April 28, 2006 at 1:30 p.m. Having considered the papers filed in support of the request, the Court finds the matter appropriate for decision on the papers, and rules as follows.

    In employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, pro bono counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). The court must assess three factors under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted).

    Plaintiff has made a sufficient showing with respect to the first factor of this test, by demonstrating that she is indigent and unable to secure an attorney she can afford. Plaintiff has

not, however, demonstrated to the satisfaction of this Court, that she has investigated the possibility of retaining pro bono counsel to handle her discrimination claim. Without making any endorsement in this regard, plaintiff is advised that the San Francisco Bar Association operates a lawyer referral service which may be helpful in securing pro bono counsel. In addition, plaintiff has not made a sufficient showing of merit in her complaint to justify a search by the Court for volunteer counsel willing to accept an appointment. Accordingly, plaintiff's request for appointment of counsel is DENIED.

However, in order to accord plaintiff sufficient time to locate alternate counsel, the Court hereby GRANTS plaintiff's request to continue the case management conference. The case management conference is reset for June 30, 2006 at 1:30 p.m. The case management conference statement(s) must be filed by no later than June 23, 2006.

**IT IS SO ORDERED.**

Dated: March 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE